| | |
|---|---|
| 1 | David T. Biderman, Bar No. 101577 |
| | DBiderman@perkinscoie.com |
| 2 | Jasmine W. Wetherell, Bar No. 288835 |
| | JWetherell@perkinscoie.com |
| 3 | PERKINS COIE LLP |
| | 1888 Century Park E., Suite 1700 |
| 4 | Los Angeles, CA  90067-1721 |
| | Telephone:  310.788.9900 |
| 5 | Facsimile:   310.843.1284 |
| 6 | Charles Sipos, WA Bar No. 32825 |
| | *pro hac vice forthcoming* |
| 7 | csipos@perkinscoie.com |
| | PERKINS COIE LLP |
| 8 | 1201 Third Avenue, Suite 4900 |
| | Seattle, WA  98101 |
| 9 | Telephone:  206.359.8000 |
| | Facsimile:  206.359.9000 |
| 10 | |
| 11 | Attorneys for GENERAL MILLS, INC., and GENERAL MILLS SALES, INC. |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA SCHWEINSBURG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC.;<br>GENERAL MILLS SALES, INC.;<br><br>Defendants. | Case No. **'22CV403   DMS JLB**<br><br>**NOTICE OF REMOVAL BY DEFENDANTS GENERAL MILLS INC., AND GENERAL MILLS SALES, INC.**<br><br>[Complaint filed February 23, 2022 and removed from the Superior Court of the State of California in and for the County of San Diego, Case No. 37-2022-00006951-CU-BT-CTL]<br><br>*[Declaration of Matthew Teasdale in support thereof filed concurrently with this notice]*<br><br>**Redacted Version** |

-1-   NOTICE OF REMOVAL

138491020.2

Case 3:22-cv-00403-DMS-JLB   Document 1   Filed 03/28/22   PageID.2   Page 2 of 8

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, defendants GENERAL MILLS, INC. and GENERAL MILLS SALES, INC. (hereinafter "General Mills"), hereby remove to this Federal Court the state court action described below.

## I. THE STATE COURT ACTION

On February 23, 2022, Plaintiff Loretta Schweinsburg commenced this case in the Superior Court of California in and for the County of San Diego, tilted *Loretta Schweinsburg, on behalf of herself and all others similarly situated v. General Mills, Inc. and General Mills Sales, Inc.*; Case No. 37-2022-00006951-CU-BT-CTL. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint filed in that action is attached hereto as **Exhibit 1**. Plaintiff served Defendants General Mills, Inc. and General Mills Sales, Inc. with a copy of the Complaint and Summons from the Superior Court on February 25, 2022. A copy of the Summons is attached hereto as **Exhibit 2**. A copy of the Civil Cover sheet is attached as **Exhibit 3**.

The Complaint alleges two causes of action against Defendants: (1) California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (unfair and unlawful prongs); and (2) breach of implied warranty of merchantability. Ex. 1 (Compl.) ¶¶ 134–52. Both claims arise out of General Mills' alleged "unfair" and/or "unlawful" use of partially hydrogenated oils as an ingredient in Hamburger Helper products. *Id.* ¶ 20–43, 88–89.[1]

Plaintiff brings this action as a putative class action. *See, e.g.*, *id.* ¶ 115. She seeks to represent a class of "[a]ll citizens of California who purchased Hamburger Helper, Tuna Helper, and/or Chicken Helper containing partially hydrogenated oil in California between January 1, 2000 and December 31, 2016." *Id.* ¶ 126. Plaintiff alleges that there are "thousands" of members of the putative class. *Id.* ¶ 131.

---

[1] The products at issue are: Hamburger Helper, Chicken Helper, and Tuna Helper. See Compl. ¶ 3.

-2-                NOTICE OF REMOVAL

138491020.2

Plaintiff seeks, among other things, the following forms of relief: (1) "[d]eclaratory relief that the conduct alleged [in the Complaint] is unlawful; (2) an award of actual damages, (3) punitive damages, (4) "restitution of $60 million," and (5) "[a]n award of attorney fees and costs." Compl. at p. 23, XII. Prayer for Relief.

## II.   GROUNDS FOR REMOVAL

**A.   This Action Is Removable Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Matthew Teasdale, these requirements are met here.

**1.   This Is a Putative Class Action in Which the Aggregate Number of Members Is 100 or More**

This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action pursuant to section 382 of the California Code of Civil Procedure, which authorizes "one or more [to] sue . . . for the benefit of all" when "the question is one of common or general interest, of

-3-                                     NOTICE OF REMOVAL

many persons, or when the parties are numerous, and it is impracticable to bring them all before the court," Cal. Civ. Pro. § 382. The requirements of class certification under § 382 "parallel those of Fed. R. Civ. P. 23." *Vigil v. Naturals*, 2016 WL 6806206, at *3 (C.D. Cal. Nov. 17, 2016).

Likewise, as Plaintiff alleges, the putative class contains 1000 or more members. *See* Compl. ¶ 119 ("The Class is sufficiently numerous, as it includes thousands of individuals . . .").

### 2. The Amount in Controversy Exceeds $5,000,000

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where, as here, the plaintiff does not allege an amount in controversy in the complaint, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). If defendant's assertions are challenged, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Defendant may submit this evidence in opposition to plaintiff's motion to remand. *Id.* at 554.

Here, Plaintiff's request for damages places far more than $5,000,000 in controversy.[2] *See* Compl. at p. 23. Plaintiff explicitly seeks $60 million in restitution, in addition to punitive damages. *Id*. Plaintiff alleges that she and class members "would not have purchased Hamburger Helper" had she known that the products contain partially hydrogenated oils ("PHOs"), and that she suffered physical and economic injury as a result of Defendants' "decision to add trans fat to Hamburger Helper," *id.* ¶ 112 & 143, meaning Defendants could be liable for the entire amount California consumers spent on the Hamburger Helper products

---

[2] Defendants dispute that Plaintiff is entitled to any relief.

during the Class Period, and more in the case of punitive damages. As detailed in the declaration of Matthew Teasdale filed in support of this Notice of Removal, Defendants sold more than ▮▮▮▮▮▮ worth of the Hamburger Helper products in California between January 2014 and December 2017, a mere 4 years of the 16-year Class Period. Teasdale Decl. ¶ 5. For these reasons, it is clear that the amount in controversy exceeds $5,000,000, and CAFA jurisdiction is proper.

### 3. The Parties Are Minimally Diverse

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff Loretta Schweinsburg is a citizen of California who—on information and belief—is domiciled California. Compl. ¶ 12; *see Rice v. Thomas*, 64 F. App'x 628, 628–29 (9th Cir. 2003) (explaining that an individual is domiciled in a place if she resides and has an intent to stay there). Plaintiff also seeks to represent a class of California consumers. Compl. ¶ 126. It is reasonable to assume that at least one of these consumers is domiciled in California.

The Defendants are not citizens of California. General Mills, Inc., and General Mills Sales, Inc., are incorporated under the laws of Delaware, and their principal place of business is in Minneapolis, Minnesota. *See* Compl. ¶ 10; *see Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1337 (C.D. Cal. 2004) (for purposes of diversity jurisdiction, "[a] corporation is a citizen both of the state where it was incorporated and the state where it has its primary place of business"). Thus, both Defendants are citizens of different states from at least one Plaintiff, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

### B. Venue and Intra-district Assignment Are Proper.

The Southern District of California is the proper venue for this action upon removal because this district embraces the California Superior Court, County of

San Diego, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

### C. Defendants Have Satisfied All Other Requirements of the Removal Procedure

This Notice of Removal is timely filed. General Mills was served with a copy of the Complaint and Summons on February 25, 2022. Defendants filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendants are being filed herewith. Copies of the Complaint, the Civil Case Cover Sheet; and Summons are attached hereto as **Exhibits 1–3**. No other pleadings have been filed to date in this matter in the San Diego County Superior Court. A true and correct copy of the state court's docket is attached hereto as **Exhibit 4**.

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

### III.  RESERVATION OF RIGHTS AND DEFENSES

Defendants expressly reserve all of their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendants' defenses. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

138491020.2

## IV. CONCLUSION

WHEREFORE, Defendants request that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from San Diego County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED: March 28, 2022          PERKINS COIE LLP

By: */s/ Jasmine W. Wetherell*
Jasmine W. Wetherell, Bar No. 288835
JWetherell@perkinscoie.com
David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Charles Sipos, *pro hac vice forthcoming*
CSipos@perkinscoie.com

Attorneys for GENERAL MILLS, INC., and GENERAL MILLS SALES, INC.

138491020.2

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park East, Ste. 1700, CA 90067. On March 28, 2022, I deposited with Federal Express, a true and correct copy of the within documents:

**NOTICE OF REMOVAL AND EXHIBITS**

**DECLARATION OF MATTHEW TEASDALE IN SUPPORT OF REMOVAL**

in a sealed envelope, addressed as follows:

Gregory S. Weston
THE WESTON FIRM
1405 Morena Blvd. Ste. 201
San Diego, California 92110

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 28, 2022, at Los Angeles, California.

_____
Yolanda Mendez