# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA SCHWEINSBURG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC.; GENERAL MILLS SALES, INC.,<br><br>Defendants. | Case No.: 3:22-cv-00403-RBM-DDL<br><br>**ORDER RE: MOTION TO AMEND JUDGMENT**<br><br>[Doc. 27] |

Currently pending before the Court is a motion to alter judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59, filed by Plaintiff Loretta Schweinsburg ("Plaintiff"). (Doc. 27.) Defendants General Mills, Inc. and General Mills Sales, Inc. ("Defendants" or "General Mills") filed a brief in opposition to Plaintiff's motion (Doc. 28), and Plaintiff filed a reply (Doc. 29). The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

For the reasons discussed below, Plaintiff's motion is **DENIED WITHOUT**

**PREJUDICE**.

I.   **BACKGROUND**

As detailed in the Court's November 7, 2022 Order (*see* Doc. 25), Plaintiff filed this putative class action in the Superior Court of California for the County of San Diego on February 23, 2022, challenging Defendants' use of partially hydrogenated oils ("PHO" or "PHOs") in its Hamburger Helper products[1] and alleging: (i) violations of the unfair and unlawful prongs of California's Unfair Competition Law ("UCL"); and (ii) breach of the implied warranty of merchantability. (*See* Compl., Doc. 1-2 ¶¶ 134–52.) Plaintiff sought to represent a class of "[a]ll citizens of California who purchased Hamburger Helper, Tuna Helper, and/or Chicken Helper containing partially hydrogenated oil in California between January 1, 2000 and December 31, 2016." (*Id*. ¶ 126.) Defendants removed Plaintiff's action to this Court on March 28, 2022. (*See* Doc. 1.)

On March 29, 2022, Plaintiff filed a motion to remand, alleging she lacked Article III standing to proceed in federal court. (*See* Doc. 6 at 6.) Defendants filed a brief in opposition to Plaintiff's motion to remand, arguing that while Plaintiff "has admitted she has suffered no economic injury and thus fails to state a claim on the merits under either the [UCL], or for breach of the implied warranty of merchantability," "Schweinsburg has alleged consumption levels of PHOs, and resulting physical harm, sufficient to give rise to Article III standing on an immediate physical injury theory." (Doc. 18 at 8, 10.)

Defendants also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15-1.) Defendants argued Plaintiff's claims are preempted by federal law, noting "no fewer than *nine federal courts* have dismissed similar complaints on these grounds, all of which were filed by Plaintiff's counsel Mr. Greg Weston." (*Id*. at 7 (emphasis in original).) Defendants further argued Plaintiff's claims should be dismissed

---

[1] In her Complaint, Plaintiff refers to Defendants' Hamburger Helper, Tuna Helper, and Chicken Helper products collectively as the "Hamburger Helper" products. (*See* Compl., Doc. 1-2 ¶ 3.)

because: (1) they are barred by the four-year statute of limitations; and (2) she failed to allege economic injury. (*Id*.)

On November 7, 2022, the Court denied Plaintiff's motion to remand and granted Defendants' motion to dismiss with prejudice. (*See* Doc. 25.) The undersigned found Plaintiff's claims were preempted by federal law and "join[ed] numerous other courts across the Ninth Circuit which have dismissed nearly identical claims on conflict preemption grounds." (*Id*. at 4 (collecting cases).) The Court denied Plaintiff's motion to remand as futile. (*Id*. at 10–11.) Plaintiff's instant motion to alter judgment followed on December 5, 2022. (Doc. 27.)

## II. LEGAL STANDARD

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (citation omitted). Whether to grant or deny a motion for reconsideration rests with the sound discretion of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

In this District, motions for reconsideration are also governed by Civil Local Rule 7.1(i). That rule provides:

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of

facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

CivLR 7.1(i)(1).

### III.   DISCUSSION

Having reviewed the parties' filings, the Court declines at this time to reach the merits of Plaintiff's motion.  As Defendants note in their opposition (*see* Doc. 28 at 9), Plaintiff has failed to comply with the procedural requirements of Civil Local Rule 7.1(i)(1), which required Plaintiff to file with his motion for reconsideration "an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application." CivLR 7.1(i)(1).  Plaintiff argues in his reply brief that such affidavit was not required because "Plaintiff did not file a motion for reconsideration, but a motion to alter or amend judgment pursuant to [Rule] 59(e)." (Doc. 29 at 9.)

The Court rejects Plaintiff's argument.  Indeed, other courts in this District have applied Civil Local Rule 7.1(i) in similar circumstances, including where the party seeks relief under Rule 59(e).  *See, e.g., Gallagher v. San Diego Unified Port Dist.*, No. 08CV0886 AJB WVG, 2011 WL 4014469, at *2 (S.D. Cal. Sept. 8, 2011) (denying Rule 59(e) motion in part due to party's failure to comply with Civil Local Rule 7.1(i)); *Fed. Trade Comm'n v. Neovi, Inc.*, No. 06-CV-1952 JLS (JMA), 2016 WL 9076233, at *2 (S.D. Cal. May 27, 2016) (same); *Raiser v. San Diego Cnty.*, No. 19-CV-00751-GPC, 2021 WL 4751199, at *1 (S.D. Cal. Oct. 12, 2021) (party's failure to abide by Civil Local Rule 7.1(i) when filing Rule 59(e) motion "alone could justify denial of Plaintiff's Motion"); *see also Isis Pharms., Inc. v. Santaris Pharma A/S Corp.*, No. 3:11-CV-2214-GPC-KSC, 2014 WL 2212114, at *2 (S.D. Cal. May 28, 2014) (denying motion for reconsideration in part due

to party's failure to submit an affidavit or certified attorney statement that complies with Civil Local Rule 7.1(i)); *Perea v. Loera*, No. 10CV1565 RBB, 2012 WL 4754958, at *2 (S.D. Cal. Oct. 4, 2012) (same); *S.E.C. v. Schooler*, No. 3:12-CV-2164-GPC-JMA, 2014 WL 2515128, at *2 (S.D. Cal. June 4, 2014) (failure to comply with Civil Local Rule 7.1(i) "is a sufficient basis on which to deny Schooler's Motion for Reconsideration") (citing *Neovi, Inc.*, 2009 WL 56130, at *2).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion (Doc. 27) is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ORDERED** to file "an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application" as contemplated by Civil Local Rule 7.1(i) on or before **May 22, 2023**.

To the extent Plaintiff files her affidavit or certified statement on or before May 22, 2023, the parties need not refile their briefing on Plaintiff's motion to alter judgment pursuant to Rule 59. Defendants may, but are not required to, file a short response to Plaintiff's affidavit or certified statement on or before **June 12, 2023**.

**IT IS SO ORDERED.**

DATE: May 1, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE